UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants. | No. 2:19-cv-0311 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On February 27, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed his amended complaint on May 16, 2019.

    Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    Plaintiff complains that he has been denied an early parole hearing as provided for in Article 1, Section 32 of California's Constitution which became law in 2016. This section

1

provides for early parole consideration for persons convicted of "a nonviolent felony offense" that meet other criteria as well. According to plaintiff, he stands convicted of robbery.

Section 32(b) directs the Secretary of the California Department of Corrections and Rehabilitation to "adopt regulations in furtherance of" the other provisions of section 32. In response to this directive, the Secretary promulgated, among other regulations, Cal. Code Regs. Tit 15 § 3495. In § 3495, subsection(b), "violent felony" is identified as any crime listed in subdivision (c) of section 667.5 of the California Penal Code. "Any Robbery" appears on that list. This being the case, the provisions in Article 1, Section 32 of California's Constitution granting early consideration for parole do not apply to plaintiff.

On page 7 of his amended complaint, plaintiff asserts "[i]n 1988, plaintiff was convicted of a non-violent robbery." To the extent plaintiff challenges the Secretary's definition of "violent felony" for purposes of Article I, Section 32, his claim arises under California law[1] and this court does not have jurisdiction. See 28 U.S.C. § 1330 et seq. Plaintiff is free to raise such a claim in a California court. There are no facts in plaintiff's complaint which amount to a claim arising under federal law.

In light of the foregoing, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. Leave to amend will not be granted a second time, as that appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[1] In In re Edwards, 26 Cal. App. 5th 1181, 1189 (2d. Dist. 2018) the California Court of Appeal identifies pricinples of California law applicable in determining whether regulations adopted pursuant to Article I, Section 32 are valid under California law.

2

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr0311.14