UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | No. 2:19-cv-0311 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On October 11, 2019, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found as follows:

> Plaintiff complains that he has been denied an early parole hearing as provided for in article 1, section 32 of California's Constitution which became law in 2016. This section provides for early parole consideration for persons convicted of "a nonviolent felony offense" that meet other criteria as well. According to plaintiff, he stands convicted of robbery.
>
> Section 32(b) directs the Secretary of the California Department of Corrections and Rehabilitation to "adopt regulations in furtherance of" the other provisions of section 32. In response to this directive, the Secretary promulgated, among other regulations, Cal. Code Regs. tit 15 § 3495. In § 3495, subsection(b), "violent felony" is identified as any crime listed in subdivision (c) of section 667.5 of the California Penal Code. "Any Robbery" appears on that list. This being the case, the provisions in article 1, section 32 of California's Constitution granting early consideration for parole do not apply to plaintiff.

1

> On page 7 of his amended complaint, plaintiff asserts "[i]n 1988, plaintiff was convicted of a non-violent robbery." To the extent plaintiff challenges the Secretary's definition of "violent felony" for purposes of article I, section 32, his claim arises under California law[1] and this court does not have jurisdiction. See 28 U.S.C. § 1330 et seq. Plaintiff is free to raise such a claim in a California court. There are no facts in plaintiff's complaint which amount to a claim arising under federal law.
>
> In light of the foregoing, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. Leave to amend will not be granted a second time, as that appears futile.

On August 18, 2020 the district court found as follows with respect to the court's October 11, 2019 findings and recommendations:

> The magistrate judge is correct that plaintiff does not have a claim under Article 1, Section 32 of the California Constitution. However, plaintiff appears to attempt pleading several other claims under the United States Constitution. *See* Am. Compl., ECF No. 17, at 8 (referencing "procedural due process," "plaintiff's liberty interest," and whether "deprivation procedures were constitutionally sufficient"); *id*. at 13 (referencing the Fourteenth Amendment and alleging defendants violated the prohibition against "cruel or unusual punishment" by "excessive incarceration"). The magistrate judge does not address those claims in the Findings and Recommendations; therefore the court REFERS the matter back to the magistrate judge for the limited purpose of addressing those claims.

As the district court judge notes, plaintiff's amended complaint includes references to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. However, as the court found in the October 11, 2019 findings and recommendations, there are no facts which support any claim arising under either Amendment or any other federal law.

Plaintiff has no right to parole consideration under the Eighth Amendment or any other federal law. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). To the extent a state law provides for parole for a particular inmate, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment is created. Id. at 219-220. Here, there are no facts indicating plaintiff

/////

---

[1] In In re Edwards, 26 Cal. App. 5th 1181, 1189 (2d. Dist. 2018) the California Court of Appeal identifies principles of California law applicable in determining whether regulations adopted pursuant to article I, section 32 are valid under California law.

1 has a right to early parole consideration under Article 1, Section 32 of the California Constitution.

2 This being the case, he presents no protected liberty interest.

3 As suggested above, it appears plaintiff's primary complaint is the Secretary's definition of "violent felony" for purposes of Article I, Section 32.  Again, there are no facts before the court indicating the definition violates any aspect of federal law.[2]  If plaintiff believes the definition violates some aspect of California law, he should seek relief in a California court.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] harr0311.frs3

---

[2] In California, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  Cal. Penal Code § 211.

3